IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| MARY JONELL ADAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-6014-CV-SJ-ODS |
| ) | |
| GUARDSMARK, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER AND OPINION REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION AND DENYING REQUEST FOR AN AWARD OF FEES AND COSTS

Plaintiff Mary Jonell Adams ("Plaintiff") filed this action in state court on December 15, 2014, against Defendant Guardsmark, LLC ("Defendant Guardsmark") and Defendant Lifeline Foods, LLC ("Defendant Lifeline"). Plaintiff served Defendant Guardsmark on January 5, 2015. On February 4, 2015, Defendant Guardsmark removed the case to federal court, asserting jurisdiction based on diversity of citizenship. The Notice of Removal appears to assume, but does not explicitly state, that Defendant Lifeline's citizenship is Missouri. Plaintiff also seems to assume Defendant Lifeline's citizenship is Missouri. Nonetheless, Defendant Guardsmark asserts this Court has federal subject matter jurisdiction because Plaintiff fraudulently joined Defendant Lifeline.

The Court ordered Plaintiff to respond to this jurisdictional argument, and Plaintiff did so. The matter is now fully briefed. The Court has reviewed the parties' arguments and finds subject matter jurisdiction does not exist. Accordingly, the Court remands this action to state court for all further proceedings.

### I. BACKGROUND

Plaintiff asserts she was an employee of both Defendant Guardsmark and Defendant Lifeline. Plaintiff claims Defendants discriminated against her due to her age, sex and disability. Further, Plaintiff alleges that after she complained to Defendants about this discrimination, Defendants terminated her employment for false

reasons. Based on these allegations, Plaintiff brings claims for discrimination (Count I) and retaliation (Count II) in violation of the Missouri Human Rights Act ("MHRA").

## II. STANDARD

The Eighth Circuit has articulated the fraudulent joinder standard as follows:

> Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. "[I]t is well established that if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." Iowa Pub. Serv. Co. v. Med. Bow Coal Co., 556 F.2d 400, 406 (8th Cir. 1977) (emphasis added). However, if there is a "colorable" cause of action - that is, if the state law *might* impose liability on the resident defendant under the facts alleged - then there is no fraudulent joinder. See Foslip Pharm., Inc. v. Metabolife Int'l, Inc., 92 F. Supp.2d 891, 903 (N.D. Iowa 2000).

*Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003) (internal footnote omitted). "[J]oinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 871 (8th Cir. 2002). If there is a reasonable basis in fact and law that supports the claim, joinder is not fraudulent. *Filla*, 336 F.3d at 810.

In conducting this inquiry, the Court must "resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor," but the Court has "no responsibility to *definitively* settle the ambiguous question of state law." *Id.* at 811 (citations omitted) (emphasis in original). "Instead, the court must simply determine whether there is a reasonable basis for predicting that the state's law *might* impose liability against the defendant." *Id.* (emphasis added). Where the sufficiency of the complaint against the non-diverse defendant is questionable, "the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide." *Id.* (quoting *Iowa Pub. Serv. Co.*, 556 F.2d at 406). Finally, the party seeking removal and opposing remand has the burden of demonstrating that federal jurisdiction exists. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1995) (per curiam) (citing *Bor-Son Bldg. Corp. v. Heller*, 572 F.2d 174, 181 n.13 (8th Cir. 1978)).

2

### III. DISCUSSION

#### 1. Fraudulent Joinder

Plaintiff asserts federal subject matter jurisdiction does not exist because the parties are not completely diverse, and thus, the case should be remanded.[1] Diversity jurisdiction exists if more than $75,000 is in controversy and the parties have complete diversity of citizenship. 28 U.S.C. § 1332. Because Defendant Guardsmark removed the case to federal court, it bears the burden of establishing jurisdiction. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). Defendant Guardsmark attempts to satisfy this burden by arguing Missouri law only allows a claim under the MHRA when an employer-employee relationship exists. *See e.g. Howard v. City of Kansas City*, 332 S.W.3d 772 (Mo. 2011). Defendant Guardsmark argues Defendant Lifeline is not Plaintiff's employer, and that only Defendant Guardsmark is Plaintiff's actual employer.

Plaintiff responds that Defendant Guardsmark and Defendant Lifeline are Plaintiff's "joint employers," and thus, Defendant Lifeline can be held liable under the MHRA. In support of this proposition, Plaintiff points to a recent Missouri Supreme Court case which determined that under the Missouri Minimum Wage Law ("MMWL"), joint employers can exist for the purposes of liability. *Tolentino v. Starwood Hotels & Resorts Worldwide, Inc.*, 437 S.W.3d 754 (Mo. 2014). Plaintiff notes and the Court agrees that the definitions of "employer" under the MMWL and the MHRA, while not identical, are very similar. The MMWL defines employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee." Mo. Rev. Stat. § 290.500(4). The MHRA defines an employer as "the state, or any political or civil subdivision thereof, or any person employing six or more persons within the state, and any person directly acting in the interest of an employer." Mo. Rev. Stat. § 213.010(7). Plaintiff asserts, and again the Court agrees, that the *Tolentino* case provides courts guidance about the definition of "employer" under the MHRA and when "joint employers" exist under the MHRA.

Both Plaintiff and Defendant Guardsmark invite the Court to examine materials outside of the Complaint to determine if Defendant Lifeline is considered Plaintiff's employer for purposes of the MHRA. The Court declines this invitation because

---

[1] There are no federal questions at issue in this case, and thus, jurisdiction does not exist on that basis.

3

"fraudulent joinder exists if, *on the face of the plaintiff's state court pleadings*, no cause of action lies against the resident defendant." *Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983) (emphasis added). The Court will not delve into the merits as to whether Defendant Lifeline actually is Plaintiff's employer, as that type of exercise is reserved for a motion pursuant to FRCP 12(b)(6).

Additionally, Defendant Guardsmark contends Plaintiff does not plead facts demonstrating Defendant Lifeline is Plaintiff's employer. Rather, Defendants argue, Plaintiff conclusorily pleads that "Defendants" are Plaintiff's employer. However, the Court cannot merely "focus on the artfulness of the plaintiff's pleadings." *Block v. Toyota Motor Corp.*, 665 F.3d 944, 948 (8th Cir. 2011) (citing *Knudson v. Systems Painters*, Inc., 634 F.3d 968, 980 (8th Cir. 2011)). Instead, the Court finds Plaintiff has pled sufficient facts that demonstrate Defendant Lifeline is Plaintiff's employer. Because of this and because Plaintiff has presented a reasonable basis that Missouri courts might impose liability against joint employers under the MHRA, the Court finds that Defendant Lifeline was not fraudulently joined.

Plaintiff also argues that even if the Court were to determine Defendant Lifeline was not Plaintiff's actual employer, Defendant Lifeline was not fraudulently joined because Plaintiff asserted a retaliation claim against Defendant Lifeline. Plaintiff notes the MHRA makes it unlawful "to retaliate or discriminate against any other person because such person has opposed any practice prohibited by this chapter." Mo. Rev. Stat. § 213.070(2). Plaintiff maintains this language permits a party to bring a retaliation claim under the MHRA against non-employers. The Court agrees, and thus, finds Defendant Lifeline was not fraudulently joined on this basis as well.

*2. Fees and Costs*

Finally, Plaintiff requests the Court award costs and fees incurred in responding to Defendant's removal. 28 U.S.C. § 1447(c) allows an award of this type. In *Martin v. Franklin Capital Corp.* the Supreme Court determined district courts "may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." 546 U.S. 132, 141 (2005).

4

Here, while the Court finds it lacks subject matter jurisdiction, the Court does not find Defendant Guardsmark lacked an objectively reasonable basis for seeking removal. While the *Tolentino* case provides a reasonable basis that Missouri courts might impose liability against joint employers under the MHRA, Defendant Guardsmark did not lack an objectively reasonable basis to argue that essentially an employee can have only one employer under the MHRA. *See e.g. Howard v. City of Kansas City*, 332 S.W.3d 772 (Mo. 2011). Accordingly, the Court denies Plaintiff's request to award costs and fees incurred in responding to Defendant's removal.

## IV. CONCLUSION

The Court finds it lacks subject matter jurisdiction, and therefore remands the case to state court for all further proceedings.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: March 30, 2015                    UNITED STATES DISTRICT COURT

5

Case 5:15-cv-06014-ODS   Document 14   Filed 03/30/15   Page 5 of 5